UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FOREST HILLS LOCAL SCHOOL : CASE NO. 1 1 1 1 C V 6 2 8
DISTRICT BOARD OF EDUCATION
7550 Forest Road :
Cincinnati, Ohio 45255, J. BECKWITH

                   :

             Plaintiff, : M.J. LITKOVITZ

                   :

vs. COMPLAINT/NOTICE OF APPEAL

                   :

JG AND LG, individually and as the
parents and legal guardians of CG :
8185 Northport Drive
Cincinnati, Ohio 45255, :

             Defendants. :

## PARTIES

1.     Plaintiff, Forest Hills Local School District Board of Education (Forest Hills), is

a board of education organized and existing under the laws of the State of Ohio, Chapter 33

of the Ohio Revised Code, and is required, by federal and state law, specifically the

Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.*, and Chapter

3323 of the Ohio Revised Code, to provide children with disabilities residing in the Forest

Hills Local School District a free appropriate public education.

2.     Defendants JG and LG (Parents) are the parents and legal guardians of CG.

Parents reside within the Forest Hills Local School District. CG is a child with disabilities as

defined in 20 U.S.C. § 1401(a)(1) of the IDEA, and is entitled to a special education and

related services from Forest Hills. CG has been diagnosed with a severe seizure disorder, cognitive disabilities (mental retardation), and Pervasive Developmental Disorder, Not Otherwise Specified.

3.      This action is brought by Forest Hills for the purpose of appealing, in part, the decision of State Level Review Officer (SLRO) Monica Bohlen, who was appointed by the Ohio Department of Education to review the decision of the Impartial Hearing Officer (IHO) who conducted the due process hearing held as the result of Parents' due process request alleging that Forest Hills had violated the IDEA in numerous respects in providing CG a special education, including by failing to provide CG a free appropriate public education. The IHO rejected a majority of Parents' allegations, but did find that several aspects of Forest Hills' individualized education plans (IEP) were deficient and ordered Forest Hills to provide CG compensatory education services in the areas of reading and math. The SLRO affirmed that part of the IHO's decision which rejected Parents' allegations of IDEA violations by Forest Hills, reversed the findings of the IHO that Forest Hills had failed to provide CG an appropriate public education, but let stand the IHO's order requiring Forest Hills to provide compensatory education services to CG in the area of reading and math because the order was not specifically appealed by Forest Hills. By this action Forest Hills is appealing that portion of the SLRO's decision requiring Forest Hills to provide CG compensatory education services in the areas of reading and math.

4.      This court has jurisdiction of this action pursuant to 20 U.S.C. § 1415(i)(2)(A) and 28 U.S.C. § 1331.

5.      Venue of this action in this court is appropriate for the reason that all of the parties are located or reside within, and all of the events which are the subject to this action occurred within, the geographical jurisdiction of this court.

## FACTS

6.      CG is a 21 year old girl who resides with her parents in the Forest Hills Local School District.

7.      CG is a child with a disability within the meaning of 20 U.S.C. § 1401(3)(A) and is entitled to a special education and related services defined in 20 U.S.C. § 1401(14) and (26) and ORC 3323.01 and .02.

8.      In addition to being CG's natural parents, Parents have been appointed CG's legal guardians.

9.      CG has attended Forest Hills schools continuously since her first grade year, and has been provided a special education and related services by Forest Hills in accordance with successive IEP's since her first grade year. CG currently attends Anderson High School in the Forest Hills Local School District.

10.      On December 14, 2009, Parents, on behalf of CG, filed a request with the Ohio Department of Education for an impartial due process hearing. The request alleged that Forest Hills had failed to provide CG a free appropriate public education for the two years

preceding the filing of the request by failing or refusing in a number of respects to develop an individualized education plan for CG that appropriately addressed her special education needs. More specifically, Parents alleged in their due process request that Forest Hills had committed numerous substantive and procedural violations of the IDEA and Ohio law, which resulted in the denial of a free appropriate public education for CG. These violations included:

      a.      Refusing to develop measurable goals to address all of CG's unique educational needs;

      b.      Failing to develop an individualized behavior plan for CG;

      c.      Failing to provide an assistive technology assessment of CG;

      d.      Failing to ensure that CG was provided access to the general curriculum and extracurricular activities;

      e.      Refusing to provide appropriate research based instruction and interventions in reading and other academic and behavioral areas;

      f.      Refusing to include in CG's IEP's measurable goals and details for the related services CG received;

      g.      Failing to revise goals as necessary to ensure educational progress and continuing goals and objectives that CG had already mastered;

      h.      Failure to take appropriate data to document CG's progress on the goals and objectives in her IEP's;

     i.        Requiring Parents to pay for materials to carry out CG's IEP goals;

     j.        Refusing to provide appropriate extended school year (ESY) services for CG;

     k.        Failure to adequately train staff members working with CG;

     l.        Refusal to provide parents meaningful participation in the development of CG's IEP's;

     m.        Unilaterally deciding CG's placement at Anderson High School;

     n.        Discriminating against CG by refusing to provide CG with an equal opportunity to participate in non-academic and extracurricular activities;

     o.        Failing to provide CG an appropriate individualized transition plan;

     p.        Failing to meaningfully inform CG of the transfer of rights at age 17;

     q.        Refusing to provide CG an appropriate vocational assessment;

     r.        Failure to provide parents with adequate prior written notice as required by the IDEA and Ohio law;

     s.        Failure to provide an independent education evaluation of CG when requested by parents;

     t.        Failure to provide parents access to CG's educational records; and

     u.        Failure to provide CG compensatory educational services ordered by the Ohio Department of Education.

11.     The impartial due process hearing requested by Parents was conducted by Tobie Braverman, who was appointed by the Ohio Department of Education for that purpose.

12.     The impartial due process hearing commenced on May 5, 2010, and concluded on December 6, 2010, after 24 days of hearings.

13.     The Impartial Hearing Officer issued her decision on April 4, 2011.

14.     The IHO found that Parents failed to establish a majority of their allegations of violations of the IDEA by Forest Hills.

15.     The IHO did hold that Forest Hills did not provide CG a free appropriate public education in the two years preceding the filing of her parents request for a due process hearing because of what the IHO found to be deficiencies in the reading and math goals on CG's relevant IEP's, and because the goals on the IEP's relating to bilateral coordination included objectives which, according to the IHO, "…had been mastered and are not sufficiently challenging to move student forward."

16.     Based on her findings, the IHO decided as follows:

        a.      Student shall be provided with an IEP goal designed to increase reading fluency based upon a structured reading program suitable for use by students with disabilities which shall be provided minimally for one 40-minute class period per school day.

b.      Student shall be provided with an IEP goal designed to increase number and money skills including counting, recognition of coins and skills for making purchases which shall be provided minimally for one 40-minute class period per school day.

c.      Student shall be provided with an IEP goal designed to increase prompt dependency in all aspects of her education.

d.      Student's goals regarding bilateral hand coordination and maneuvering in her environment shall be revised to increase the skills demanded and include specific safety instruction and to increase physical stamina and strength.

e.      Respondent shall provide student with compensatory education in the amount of 240 hours, calculated upon 40 minutes per school day for two school years, for reading instruction and in the amount of 240 hours, calculated upon 40 minutes per school day for two school years for math instruction.

f.      Respondent shall procure an augmentative communication assessment of student and provide an IEP goal, objectives and related services to increase speech initiation and out put based upon the results of that assessment.

g.       Student's placement shall remain in the Anderson High School

Multiple Disabilities Classroom, and her educational program is appropriate

in all other respects.

17.       Parents timely appealed the IHO's decision to the Ohio Department of

Education; Monica R. Bohlen was appointed the SLRO by the Ohio Department of

Education to review the IHO's decision.

18.       Both the IDEA, specifically 20 U.S.C. § 1415(g)(2), and Ohio law, specifically

OAC 3301-51-05(14)(b)(iii), require that when an IHO's decision is appealed, the SLRO

appointed to conduct the review of the IHO's decision must examine the entire record and

make an independent decision.

19.       After Parents filed their notice appealing the IHO's decision, Forest Hills did

not separately appeal those portions of the IHO's decision with which it disagreed because

of the legal requirement that the SLRO review the entire record and make an independent

decision.

20.       The parties submitted briefs to the SLRO. In its brief Forest Hills argued that

the IHO's finding that Forest Hills had failed to provide CG a free appropriate public

education for the reasons stated in the IHO's decision was not supported by the evidence

and the SLRO should, therefore, reverse that portion of the IHO's decision and order

requiring Forest Hills to include in CG's future IEP's the goals described in paragraph 16(a)

8

and (b) above, and ordering Forest Hills to provide CG compensatory education in the areas of reading and math.

21.     The SLRO's decision issued on August 15, 2011. In her decision the SLRO rejected the parents' appeal in all respects. The SLRO further found, based on her independent review of the evidence, that CG was not denied a free appropriate public education because an augmentative communication assessment of CG was not conducted; that the evidence did not support the IEP goal ordered by the IHO to decrease prompt dependency; and that the evidence did not support the IHO's findings that the goals related to bilateral coordination had been mastered and were not sufficiently challenging for CG.

22.     The SLRO held that all of CG's relevant IEP's "...were designed to provide a meaningful educational benefit to student." Notwithstanding this holding, the SLRO failed to reverse the IHO's order requiring Forest Hills to include specific reading and math goals on CG's future IEP's, and requiring Forest Hills to provide compensatory education in the areas of reading and math to CG. The SLRO failed to consider Forest Hills' argument advanced in its brief to the SLRO that these findings and orders should be reversed because Forest Hills had not specifically appealed these portions of the IHO's decision.

23.     Forest Hills alleges that it is aggrieved by the SLRO's decision within the meaning of 20 U.S.C. § 1415(i)(2)(A), and appeal and seek review of SLRO Bohlen's decision, dated August 15, 2011, on *inter alia* the following grounds:

a.      The SLRO erred as a matter of law in failing to independently review the evidence related to the IHO's findings that the reading and math goals on CG's IEP's were deficient, and independently deciding whether the compensatory education in the areas of reading and math as ordered by the IHO are supported by the evidence.

b.      The SLRO's decision that Forest Hills is required to provide CG 240 hours of compensatory education in the area of reading is contrary to law and contrary to the evidence.

c.      The SLRO's decision that Forest Hills is required to provide CG 240 hours of compensatory education in the area of math is contrary to law and contrary to the evidence.

d.      The SLRO's decision that Forest Hills is required to include in CG's IEP's the reading and math goals described in the IHO's decision is contrary to law and contrary to the evidence.

**WHEREFORE**, Forest Hills requests that this court make an independent review of the evidence of the administrative proceeding in accordance with federal law, hear such additional evidence as may be requested to be presented as the court deems appropriate, find that Forest Hills provided CG a free appropriate public education at all times relevant, find that Forest Hills is not required to provide any compensatory education services to CG, find that Forest Hills is not required to include in CG's future IEP's the specific goals in

10

the areas of reading and math described in the IHO's decision, and affirm the SLRO's decision in all other respects.

Respectfully submitted,

*William M. Deters II*

William M. Deters II        (0065203)
J. Michael Fischer          (0009179)
Attorneys for Forest Hills Local
School District Board of Education
ENNIS, ROBERTS & FISCHER
1714 West Galbraith Road
Cincinnati, Ohio 45239
(513) 421-2540
(513) 562-4986-fax
*jmfischer@erflegal.com*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Virginia S. Wilson, Esq., Ohio Legal Rights Service, 50 West Broad Street, Suite 1400, Columbus, Ohio 43215-5923 and Ohio Department of Education, Office for Exceptional Children, Procedural Safeguards Section, 25 South Front Street, Mail Stop #202, Columbus, Ohio 43215-4183 by ordinary U.S. Mail on this _13th_ day of _Sept_, 2011.

*J. Michael Fischer*

J. Michael Fischer